IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| LISA STONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-821-NJR-SCW |
| | ) |
| ABBOTT LABORATORIES, INC., and | ) |
| ABBVIE, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendants' Motion to Dismiss with Prejudice for Failure to Prosecute, or in the Alternative, Motion for Summary Judgment Based on Lack of Proximate Causation Evidence (Doc. 14). For the reasons set forth below, the Court grants the Motion to Dismiss with Prejudice and grants the Motion for Summary Judgment Based on Lack of Proximate Causation Evidence.

### Background

Plaintiff Lisa Stone is one of more than 600 claimants in the Depakote mass action revolving around the teratogenicity warning in the Depakote label and the alleged failure of Defendants[1] to adequately warn of the true risks of birth defects. Claims based on the alleged personal injuries of Lisa Stone's daughter, B.F. (born in 1992), were first filed in California state court on April 8, 2013. Abbott removed those claims to the

---

[1] In 2013, Defendant Abbott Laboratories, Inc., split off part of its business, including the rights to Depakote, into a separate publicly traded company, Abbvie, Inc. Accordingly, individuals filing claims after 2013 have included both Abbott and Abbvie as defendants in the litigation.

United States District Court for the Southern District of California on September 19, 2013. (Doc. 14-1). The parties agreed to voluntarily dismiss those claims on July 8, 2015, with certain agreed upon conditions. (Doc. 14-2). On July 28, 2015, Stone refiled her claim in the Southern District of Illinois (*see* Doc. 1)., alleging that her daughter experienced heart defects due to prenatal exposure to Depakote and died as a result.[2]

In the summer of 2016, the Court began ordering the parties to depose the doctor who prescribed Depakote to the biological mother of the injured party during the critical period before conception. This witness (hereinafter referred to as the "key prescribing physician") is unquestionably a critical witness in each claim in the mass action. On October 31, 2016, Lisa Stone, along with several other Plaintiffs, were selected to depose the key prescribing physician in their cases. (Case No. 12-CV-52, Docs. 653, 653-1, at p. 3). Plaintiffs were instructed to "alert the Court concerning any prescribing physicians who cannot be located and/or produced for deposition within this timeframe as soon as possible but in any event before the expiration of the 90 day deadline." (Case No. 12-CV-52, Doc. 653, at p. 2). Unfortunately, the key prescribing physician has never been deposed in this case, and a "No-Prescriber Report" was not filed until nearly *nine months* after the initial October 31, 2016 Order. (Doc. 15).

In addition, Plaintiff demonstrated consistent dilatory conduct between the October 31, 2016 Order and the October 27, 2017 response to Defendants' motion to dismiss. Specifically, Plaintiff failed to meet the deadlines established by the Court, and her counsel failed to appear at the required discovery conferences as instructed by

---

[2] In prior orders, the Court has noted that the minor plaintiff is the true party in interest, and the Court is required to take extra caution when considering a dismissal with prejudice. When the mother represents the decedent, however, as Lisa Stone does here, there are no such additional concerns.

Magistrate Judge Williams. *See* (Doc. 14-6, pp. 2-4; Doc 14-9, pp. 3-5). For example, counsel failed to appear at the January 24, 2017 Discovery Dispute Conference ("DDC"), and the Court entered an order that Plaintiff "either provide the appropriate prescriber and update Abbott and/or update Abbott as to why there cannot be one identified, in which case a report will be filed within 14 days." (Doc. 14-9, at p. 28, lines 21-24; *see also* Case No. 12-CV-52, Doc. 765, at p. 1-2). Plaintiff did not file a report by the deadline.

When Plaintiff's counsel again failed to appear at the DDC on April 12, 2017 and provide the necessary update as to the prescriber, Magistrate Judge Williams ordered the parties to file a No-Prescriber Status Report "no later than May 3, 2017." (Case No. 12-CV-52, Doc. 914, at p. 3; *see also* Doc. 14-11, at p. 28). Plaintiff failed to submit the no-prescriber report by May 3, 2017 and had to be instructed *again* by Magistrate Judge Williams to file the report (Doc. 14-6, at p. 18). During the June 22, 2017 discovery conference—at which Plaintiff's counsel again failed to appear,[3]—Magistrate Judge Williams recommended that Defendants file a motion to dismiss for failure to prosecute. (Doc. 14-12, at p. 17, lines 13-15; Case No. 12-CV-52, Doc. 1001, at p. 2).

Incredibly, after Defendants filed the Motion to Dismiss on August 1, 2017 (Doc. 14), it took a separate Order to Show Cause (entered on October 17, 2017) before Plaintiff's counsel bothered to respond to the Motion to Dismiss. Critically, the "response" never actually addresses the dilatory conduct by Plaintiff or the lack of proximate causation evidence in her case.

---

[3] Plaintiff's counsel also failed to appear at the October 12, 2017 DDC. Plaintiff's counsel appeared via telephone at the beginning of the DDC but was not present by the time the Court reached Plaintiff's case. (Case No. 12-CV-52, Doc. 1114, at p. 17, lines 16-25).

## Discussion

A defendant may move to dismiss an action if the plaintiff fails to prosecute the case. FED. R. CIV. P. 41(b). Dismissal based on failure to prosecute "operates as an adjudication on the merits." *Id*. Dismissal with prejudice is a harsh sanction that can be employed when a plaintiff demonstrates a pattern of dilatory or contumacious behavior. *Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston*, 852 F.2d 280, 285 (7th Cir. 1988). There is "[n]o exact rule . . . as to when a court is justified in dismissing a case for failure to prosecute. Each case must be looked at with regard to its own particular procedural history and the situation at the time of dismissal." *Stevens v. Greyhound Lines*, 710 F.2d 1224, 1228 (7th Cir. 1983) (quoting *Scarver v. Allen*, 457 F.2d 308, 309 (7th Cir. 1972)).

This Court provided Plaintiff numerous opportunities to advance her claim and prosecute the case, and yet she failed to meet deadlines and appear at required hearings. While there is not a "rigid rule" requiring the Court to warn Plaintiff's counsel, *Fischer v. Cingular Wireless LLC*, 446 F.3d 663, 665 (7th Cir. 2006), the Court nevertheless explicitly warned Plaintiff of the possibility of dismissal and the need to respond. (Doc. 16.) Following the Court's warning, Plaintiff finally responded to the motion to dismiss in the form of a declaration by attorney Elliott Kanter. (Doc. 17). The two page declaration does not explain why it took eight months to file the required status report, why Plaintiff repeatedly failed to appear at the required DDCs, or even what proximate causation evidence remains to prove her claim.[4]

---

[4] Plaintiff's response also does not address the series of what may generously be referred to as "misstatements" by Mr. Kanter to the Court concerning the parties' efforts to schedule the depositions in

While Plaintiff did eventually file the No-Prescriber Report, it was only docketed after months of unreasonably dilatory conduct. Plaintiff failed to comply with the deadlines of numerous Court orders, failed to attend at least four DDCs, and twice (intentionally or not) misstated the status of the case to the Court. Failing to comply with deadlines and failing to attend Court conferences is by itself conduct that justifies dismissal. *Daniels v. Brennan*, 887 F.2d 783, 788 (7th Cir. 1989) (dismissal affirmed due to "plaintiff's counsel's failures to appear and comply with court deadlines"); *Lockhart v. Sullivan*, 925 F.2d 214, 218 (7th Cir. 1991) (dismissing for failure to prosecute based on "plaintiff's unexplained failure to attend the status hearing, her own deposition, the scheduled discovery conference and her failure to otherwise cooperate with discovery"). Plaintiff's failure to file a timely response to the pending motion further demonstrates "a lack of desire to prosecute the action[,]" which is yet another reason to dismiss the case. *Patterson*, 852 F.2d at 285.

Moreover, Plaintiff's misstatements as to the status of the case, which clouded the actual reason for the delay in scheduling the prescribing physician deposition, demonstrate a disregard of the judicial process. In the context of a mass action, the Court has a special interest in dismissing claims for failure to prosecute in order to "keep[] administrative control over [its] own dockets and to deter other [plaintiffs] from engaging in similar dilatory behavior." *Washington v. Walker*, 734 F.2d 1237, 1239 (7th Cir. 1984). If every plaintiff involved in this mass action followed the actions presented in this case, the Court would never be able to reach a timely and efficient disposition of the

---

2016. *Compare* (Doc. 14, pp. 3-4) *with* (Doc. 17). This conduct alone raises serious issues concerning counsel's attention to detail and his diligence to advance this claim.

claims at issue. For these reasons, the Court **GRANTS** Defendants' motion to dismiss (Doc. 14).

Defendants alternatively move for summary judgment concerning the apparent lack of proximate causation evidence in Plaintiff's claim. (Doc. 14, pp. 6-10). The local rules provide that an adverse party in a civil case has thirty days after service of a motion for summary judgment in which to file a response. S. D. Ill. L. R. 7.1(c)(1). "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." *Id.* at 7.1(c). Defendants' alternative motion for summary judgment was not buried or hidden in their submission; it was explicitly stated both in the caption of the case and in the text of the docket entry. (Doc. 14). Despite this clear notice, Plaintiff did not respond within the thirty day window.[5]

And even more concerning, the Court notes that Plaintiff was ordered to show cause on October 16, 2017 as to "why her case should not be (a) **dismissed with prejudice** or in the alternative, (b) summary judgment granted in favor of Defendants." (Doc. 16). Despite the explicit notice and warning, Plaintiff did not provide any response to Defendants' motion for summary judgment. Accordingly, the Court treats the failure to respond to the motion for summary judgment as an admission of the asserted facts and finds that no competent witness will be able to testify regarding the required proximate causation evidence. Without this critical evidence, Defendants' motion for summary judgment is **GRANTED**.

---

[5] Plaintiff did finally file the required No-Prescriber Report seventeen days after Defendants filed the Motion to Dismiss. But nothing in the report addressed the issues raised in the motion to dismiss or the motion for summary judgment. (Doc. 15). Accordingly, the Court finds this document non-responsive to Defendants' motion.

## Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss with Prejudice for Failure to Prosecute, or in the Alternative, Motion for Summary Judgment Based on Lack of Proximate Causation Evidence (Doc. 14) is **GRANTED.** This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   December 1, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**